### SENFT *v.* MANHATTAN R. CO. *et al.*

*(Superior Court of New York City, General Term.* January 6, 1890.)

PARTIES—SUBSTITUTION—CONDITIONS.

After joinder of issue in an action to restrain the operation of an elevated railroad in front of plaintiff's premises, and to recover past damages, plaintiff conveyed the fee of the premises to his wife. After trial, but before final submission of the action, he also assigned to her all his causes of action. She thereupon moved to be substituted as plaintiff. *Held*, that it was within the discretion of the court to impose as conditions of granting the motion that the trial already had should be set aside, and that the cause of action for present injuries be severed from that for past damages; but that a provision that no relief be granted unless the conditions were complied with would be stricken out, and a clause inserted providing that, unless the conditions were complied with, the application to be substituted should be denied, with $10 costs.

Appeal from special term.

Action commenced by Christian Senft against the Manhattan Railway Company and the Metropolitan Elevated Railway Company to restrain them from operating an elevated railroad in front of plaintiff's premises. After the case was at issue, plaintiff conveyed the premises to his wife, Mary Senft, but did not notify his attorney of the fact. After trial, but before final submission of the case, plaintiff assigned all his causes of action to said Mary Senft, who thereupon moved to be substituted as plaintiff. The motion was granted. She now appeals from so much of the order granting it as provided that the trial already had should be set aside, and that no judgment or relief should be granted unless she severed the cause of action for a present injury from the cause of action for past damages, and served separate complaints, setting forth the cause of action so severed.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*James B. Ludlow* and *Lewis L. Delafield*, for appellant.    *Davies & Rapallo, (Brainard Tolles,* of counsel,) for respondent.

INGRAHAM, J.   We think it is clear, under section 756 of the Code, that, notwithstanding the transfer of the property to Mary Senft, the action could have been continued by the original plaintiff, and the court have granted such relief as the evidence justified.   But, on the conveyance by such plaintiff to the petitioner below of the fee of the property, and his assignment of the damages sustained in consequence of the trespass, the court had power to substitute the person to whom the interest was transferred as plaintiff in the action.   But whether or not such substitution should be granted was in the discretion of the court, (*Getty* v. *Spaulding,* 58 N. Y. 636;) and it could grant an application for such substitution on such terms and conditions as were necessary to protect the rights of the parties to the action.   If the court, in the exercise of such discretion, decided that, as a condition for the granting of such application, certain proceedings already had should be set aside, and the action should be severed, so that two distinct causes of action set up in the original complaint should be tried separately, we do not think that the circumstances would justify the court in reversing the action of the special term imposing such conditions.   We do not wish to be understood as questioning the power of the court to have substituted the person to whom the interest of the original plaintiff had been transferred as plaintiff in the action, and then to have proceeded and rendered judgment in the action; but whether or not the court should adopt such a course was within its discretion.   The special term had the right to send the question as to the amount of the damages sustained by plaintiff by reason of the trespass to be tried by a jury, and it had, clearly, the right, as a condition of granting the application for a substitution, to require that a trial which had not been completed by the final submission of the case to the trial judge should be set aside.   We think, however, that the provision that no judgment or relief be granted to Mary Senft, the petitioner, unless she comply with the conditions of the order, was improper.   That provision should be modified by the insertion of a clause, in place thereof, providing that, in case the said Mary Senft should fail to comply with the conditions of the order within the time fixed, the application to be substituted as party plaintiff should be denied, with $10 costs, and the order as thus modified should be affirmed, without costs of this appeal.